IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ATLANTA-BIRMINGHAM ) <br> AUTOMOTIVE GROUP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEXTGEAR CAPITAL, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.: <br> Removed from the Circuit <br> Court of Jefferson County, AL <br> CV-2013-000933 |

## NOTICE OF REMOVAL

**COMES NOW** the Defendant NextGear Capital, Inc. ("**Defendant**") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action which was filed by Plaintiff Atlanta-Birmingham Automotive Group, LLC ("**Plaintiff**") in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice, Defendant would show unto the Court as follows:

### I. PROCEDURAL BACKGROUND

1. Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a).

2. This case could have been brought originally in federal court because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a).

3. This case was commenced by Plaintiff on December 5, 2013, in the Circuit Court of Jefferson County, Alabama, Case No. CV-2013-000933 (the "**State Court Action**"). The documents attached as **Exhibit A** constitute all of the process, pleadings, and orders filed in the State Court Action to date. Although Defendant was never properly served with any of these documents, as explained below, the documents are attached hereto in order to ensure compliance with 28 U.S.C. § 1446(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b). As explained below, Defendant has not yet been properly served with process and, therefore, the thirty-day period to file a notice of removal has not yet begun. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). In any event, it is filed within thirty days of Defendant's receipt of the Complaint and is, therefore, timely. *See id.* As demonstrated below, Defendant did not receive a copy of the Complaint until on or about March 31, 2014.

5. Defendant was never properly served with process as required by applicable law. Plaintiff requested that the Clerk of the Court make arrangements

to serve process on Defendant's registered agent, CSC Lawyers Incorporating Services, Inc. ("**CSC**"), but that same request instructed the Clerk to effectuate such service at an incorrect address.

6. Although there was a Return of Service filed of record in the State Court Action, it indicates that service was made by personal delivery at 2 North Jackson Street, Ste. 605, Montgomery, AL 36104. (*See* Ex. A, p. 9). This is the address where Plaintiff, in its Complaint, requested that the Clerk attempt to serve Defendant. (*See* Ex. A, p. 7). However, this is not the address for CSC, as indicated by the records of Alabama's Secretary of State. Rather, this is the address for CT Corporation System ("**CT**"). The record in State Court Action contains printouts from the Alabama Secretary of State website which show the identity and address of Defendant's registered agent (CSC) and the address of CT. (*See* Ex. A, pp. 26–29). These printouts, read together with the aforementioned Return of Service, make it clear that service was attempted at the wrong address and was never properly perfected upon Defendant's actual registered agent.

7. Further, there are two affidavits attached hereto that demonstrate that this Notice of Removal is timely because (a) Defendant was never properly served and (b) Defendant never received a copy of the Complaint until March 31, 2014. These affidavits by Caitlin Drueding and Karen Streed are attached hereto as **Exhibits B and C**, respectively.

8. The affidavit of Caitlin Drueding, a Customer Service Specialist in CSC's litigation management department, states that (a) CSC has been Defendant's registered agent in Alabama since April 5, 2012; (b) CSC has no affiliation with the aforementioned North Jackson Street address; and (c) CSC has no record of ever receiving a summons and complaint relating to the State Court Action. (*See* Ex. B, ¶¶ 6, 8, 10). The affidavit of Karen Streed, a paralegal in the internal legal department for Defendant, further states that Defendant did not receive the Complaint until on or about March 31, 2014, when it received a letter from Plaintiff's counsel enclosing a copy of the same. (*See* Ex. C, ¶¶ 9–10). The letter from Plaintiff's counsel was dated March 23, 2014. (*See id.*).

9. The record in the State Court Action also contains two letters from CT indicating that CT is not the registered agent for Defendant. (*See* Ex. A, pp. 8, 16). These letters appear to have been sent in response to several attempts to serve Defendant at the incorrect address.

10. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the State Court Action was filed as required by 28 U.S.C. §§ 81 and 1441(a).

11. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Jefferson County, Alabama as required by 28 U.S.C. § 1446(d).

## II. THE PARTIES ARE COMPLETELY DIVERSE

12. Plaintiff is a limited liability company organized under the laws of Alabama with its principal place of business in Alabama.

13. Defendant is a corporation organized under the laws of Delaware with its principal place of business in Indiana.

14. Thus, all parties are completely diverse as required under 28 U.S.C. § 1332.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

15. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16. Where a plaintiff's complaint claims a specific amount of monetary damages,that amount controls for purposes of removal. *See* 28 U.S.C. § 1446(c)(2). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938).

17. In the Complaint, Plaintiff specifically alleges that the amount in controversy is $300,000.

18. Moreover, in the Application and Affidavit for Entry of Default filed in the State Court Action along with Plaintiff's Motion for Default Judgment, Plaintiff states that it is claiming $1,000,000 in damages against Defendant.  (Ex. A, p. 13, ¶ 9).

19. Therefore, the amount in controversy exceeds $75,000.

Respectfully submitted on this 7th day of April 2014.

*/s/ Russell Rutherford*
Giles Perkins (PER043)
Russell J. Rutherford (RUT018)
Attorneys for NextGear Capital, Inc.

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North
Suite 3000
Birmingham, Alabama  35203
Telephone:  (205) 250-5000
Facsimile:   (205) 250-5034

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 7th day of April 2014, I served a true and correct copy of the foregoing upon the following counsel of record via U.S. Mail with first class postage prepaid:

Charles I. Brooks, Esq.
The Brooks Law Firm, P.C.
275 Forest Road
Suite 100
Hueytown, AL 35023
thebrooksfirm2@yahoo.com

                                          */s/ Russell Rutherford*
                                          OF COUNSEL