FILED
2014 Apr-21  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP, LLC,** | ) ) ) ) | |
| **Plaintiff,** | ) | **Case No.: 14-cv-629-WMA** |
| | ) | |
| **v.** | ) ) | |
| **NEXTGEAR CAPITAL, INC.,** | ) ) | |
| **Defendant.** | ) | |

## DEFENDANT NEXTGEAR CAPITAL, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND/OR TRANSFER VENUE

NextGear Capital, Inc., ("NextGear or "Defendant"), through undersigned counsel, respectfully submits the following Memorandum in Support of its Motion to Dismiss and/or Transfer Venue.

## SUMMARY OF ARGUMENT

In its Complaint, Plaintiff attempts to assert claims against NextGear for defamation, libel *per se*, slander *per se*, negligence, wantonness, and breach of contract. Plaintiff's claims are due to be dismissed for the following reasons:

A. Plaintiff failed to properly serve NextGear with a copy of the summons and complaint within 120 days after filing;

B. Plaintiff fails to allege sufficient facts to support its claims of defamation, slander *per se*, libel *per se*, and breach of contract and,

therefore, fails to meet the applicable pleading standards set forth in Rules 8 and 9 of the Federal Rules of Civil Procedure; and

C.     Plaintiff fails to state a tort claim because, as alleged in the Complaint, each of the purported tort claims sounds in contract.

D.    Alternatively, if this Court declines to grant the Motion to Dismiss, this proceeding should be transferred to the United States District Court for the Southern District of Indiana based on the valid, enforceable and mandatory forum selection clause in the Demand Promissory Note, Loan and Security Agreement requiring all disputes to be brought in the state or federal courts in Marion County, Indiana and/or Hamilton County, Indiana.

## I.      FACTUAL BACKGROUND

On February 11, 2013, NextGear and Plaintiff entered into an agreement entitled Demand Promissory Note and Loan and Security Agreement (the "Note"), whereby NextGear provided financing to Plaintiff for acquisition of certain motor vehicle inventory and/or collateral for resale, subject to the provisions of the Note between NextGear and Plaintiff.  A copy of the Note is attached as **Exhibit A**.

A.     *Plaintiff's insufficient service of process on NextGear.*

On December 5, 2013, Plaintiff filed its Complaint in the Circuit Court of Jefferson County, Alabama.  To date, Plaintiff has not properly served NextGear with a copy of the summons and complaint.  This fact is demonstrated by the affidavits of Caitlin Drueding and Karen Streed, attached hereto as **Exhibit B** and **Exhibit C**, respectively.  Although there was a "Return of Service" filed of record in the state court prior to removal, it is clear that NextGear was never properly served.  The Return of Service indicates that NextGear's registered agent, CSC-

Lawyers Incorporating Services, Inc. ("**CSC**"), was served by personal delivery on an individual named Jimmy Burns at 2 North Jackson Street, Suite 605, Montgomery, Alabama.  (*See* Ex. B, p. 5).  CSC has never employed an individual in its Alabama office named Jimmy Burns and has never had any affiliation with the aforementioned North Jackson Street address.  (Ex. B, ¶¶ 8–9).  NextGear never received a copy of the summons and complaint as the result of this attempt at service, and only received notice of this matter when, on or about March 31, 2014, it received a letter by regular mail from Plaintiff's counsel enclosing a copy of the summons, the complaint, and a motion for default judgment.  (Ex. C, ¶ 10).

Plaintiff was put on notice of the fact that its attempt at service had not been effective when, on December 23, 2013 and March 5, 2014, CT Corporation System ("**CT**"), which has its Alabama office at the aforementioned North Jackson Street address, wrote and advised Plaintiff and the state court that it was not NextGear's registered agent.  Both of those letters were filed of record in the state court prior to removal.  (Doc. 1-1, pp. 8, 16).  Despite being notified that it had not effected service on NextGear, Plaintiff has never attempted to serve NextGear's registered agent at its correct address or to show good cause why it failed to do so.

B.      *The allegations in the Complaint.*

Plaintiff premises its six claims against NextGear upon its bare allegations that (i) in June 2013, a NextGear employee informed "several financial institutions" that Plaintiff "was filing for bankruptcy" and (ii) NextGear removed automobiles from Plaintiff's lot.   (Compl., p. 2 (un-numbered paragraphs)). Plaintiff alleges no other details.  Although Plaintiff attempts to state claims of defamation, slander *per se*, and libel *per se*, it does not allege any specific facts such as the identities of the financial institutions or the individuals within those institutions to whom the unidentified NextGear employee allegedly disseminated the false information, how the alleged false information was disseminated, how NextGear's alleged conduct caused Plaintiff to suffer a pecuniary or other type of harm, or the nature and extent of Plaintiff's alleged injuries.

Although Plaintiff asserts claims of negligence and wantonness, it does not allege the existence of any legal duty independent of the parties' contractual relationship, the nature of its alleged injuries, or any facts that would support a claim of wantonness.  Finally, although Plaintiff alleges that NextGear breached a contract, Plaintiff does not attach a copy of any contract (especially a contract that does not place venue in Indiana), or describe the terms of any contract, nor does Plaintiff allege that it fully performed its obligations under the contract, the manner

in which NextGear purportedly breached the contract, or the manner in which Plaintiff was allegedly harmed.

C.    *The Note contains a mandatory arbitration clause*

Section 22 of the Note provides:

> In most cases, any disputes or claims that Borrower may have can be resolved quickly and to Borrower's satisfaction by contacting Lender regarding such dispute or claims.  In the unlikely event that Lender is unable to resolve a dispute or claim that Borrower may have, Borrower agrees to arbitrate any such dispute or claim. This agreement to arbitrate is intended to be broadly interpreted, and includes (i) all disputes, claims and counterclaims arising out of or relating to this Note or any other Loan Document or any aspect of Borrower's relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; (ii) all disputes, claims and counterclaims  that may have arisen before this Note or any prior contract or agreement between Borrower and Lender (including all disputes, claims and counterclaims relating to any marketing or advertising by Lender); and (iii) any disputes, claims and counterclaims that may arise after the termination of this Note and any other Loan Document.

Despite the mandatory requirements of this provision, Plaintiff instead instituted these proceedings here. While not included as a basis for dismissal, Defendant wished to inform the Court of this provision and further to advise the Court that it will be filing a Motion to Compel pursuant to 9 USC§1, Federal Arbitration Act, subsequent to the Motion to Dismiss or Transfer. Defendant reserves any and all rights regarding the enforcement of the arbitration provision.

.    *D. The applicability of the forum-selection clause in the Note.*

The Note contains a valid, enforceable forum-selection clause.  (Ex. A, § 21).   Specifically, the   Note states that "[Plaintiff] submits to the personal jurisdiction and venue of the state and federal courts of Marion County and Hamilton County, Indiana, and agrees that any and all claims or disputes pertaining to this [Note] or any other Loan Document, or to any matter arising out of or related to this [Note] or any other Loan Document, initiated by [Plaintiff] against [NextGear], shall be brought in the state and federal courts of Marion County and Hamilton County, Indiana."  (*Id*.).

Although the allegations in the Complaint are nebulous without sufficient clarity and specificity, it appears that each of Plaintiff's claims against NextGear arises out of the Note.  Plaintiff's claims stem from Plaintiff's allegations (i) that NextGear disseminated false information about Plaintiff's business operations, or (ii) that NextGear facilitated the removal of automobiles from Plaintiff's lot – both of which arise out of the existence of the Note between NextGear and Plaintiff. With regard to the alleged dissemination of false information, Plaintiff alleges that NextGear was under a contractual duty to provide truthful information about Plaintiff.  (Compl., ¶ 13).  Although Plaintiff does not specify any contract imposing such a duty, the only contract between Plaintiff and NextGear is the

Note.  With regard to the alleged removal of automobiles from the lot, this was also governed by the Note.  Plaintiff granted to NextGear pursuant to the terms and conditions of the Note, a security interest in all its assets and properties, including "all vehicles and vehicle parts."…(collectively, the "Collateral")  (Ex. A, § 2(a)).  Accordingly, any dispute about the propriety of NextGear's alleged removal of automobiles from Plaintiff's possession must be determined according to the terms of the Note.

Accordingly, each of the foregoing claims arises out of or pursuant to the terms of the Note.

## II.   STANDARD OF REVIEW

*A.   Fed. R. Civ. P. 12(b)(5)*

The Court should grant this motion if it finds that NextGear has not been properly served as provided in Fed. R. Civ. P. 4(h).  This is true because more than 120 days have elapsed since Plaintiff filed its Complaint on December 5, 2013, and Plaintiff has made no showing of good cause why service was not perfected in that period and has not yet been perfected.[1]  *See* Fed. R. Civ. P. 4(m).  "Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when the defendant has not been served."  *Pardazi v. Cullman Med. Ctr.*, 896 F.3d 1313, 1317 (11th Cir. 1990).  Therefore, the Court should consider

---

[1]  Though service was never perfected, NextGear learned a default order erroneously had been entered against it and took the prudent steps necessary to overturn that order.  Still, the indirect manner in which NextGear learned of this lawsuit was not through proper service channels under the Federal Rules of Civil Procedure.

this aspect of the motion to dismiss first.  Plaintiff "bears the burden of proof with regard to validity of service."  *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

B.      *Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be granted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Blake v. Bank of Am., N.A.*, 845 F. Supp.2d 1206, 1208 (M.D. Ala. 2012) (citations omitted).  In other words, a motion to dismiss must be granted if the plaintiff's allegations, even if proven true, would not support a cognizable cause of action.

Moreover, to survive a motion to dismiss, a complaint must comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A motion to dismiss must be granted if the complaint does not allege "enough **facts** to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis added).  If special damages are an essential element of a claim, the claim must be dismissed if each item of special damages is not stated with particularity.  Fed. R. Civ. P. 9(g); *McGowan v. Homeward Residential, Inc.*, 500 F. App'x 882, 886 (11th Cir. 2012).

C. *Alternatively,this proceeding should be transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1404(a).*

Plaintiff entered into the Note with NextGear which contains a mandatory forum selection clause.  The United States Supreme Court in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas,* 134 S. Ct. 568 (2013) determined that the proper method for enforcing a forum selection clause is by §1404(a).

When such a motion is filed under §1404(a), a court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clear disfavor a transfer.  *Id.* at 574.

### III.   LAW AND ARGUMENT

A.   *Each of Plaintiff's claims is due to be dismissed because more than 120 days have elapsed since Plaintiff filed its Complaint and Plaintiff has failed to properly serve NextGear with process.*

More than 120 days have elapsed since Plaintiff filed its Complaint.[2] Therefore, because NextGear has not been served with process and Plaintiff has made no showing of good cause why service was not perfected, each of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 4(m).

---

[2]        Plaintiff filed its Complaint on December 5, 2013.  (Doc. 1-1, p. 3).  Therefore, the 120th day after filing was April 4, 2014.

The statement of facts in Section I.A. of this memorandum and Exhibits B and C hereto demonstrate that NextGear has not been properly served with process. Pursuant to Fed. R. Civ. P. 4(h)(1), NextGear may only be served if Plaintiff complies with Alabama law on service of process (*see* Rule 4(h)(1)(A)) or delivers a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" (*see* Rule 4(h)(1)(B)).  Alabama law provides only two methods for valid service of process:  Delivery by a process server or service by certified mail, return receipt requested.  Ala. R. Civ. P. 4(i).  Under Rule 4(h)(1)(B), "unless the defendant has waived service, the plaintiff must personally effect service upon the defendant, and **service by mail is insufficient**."  *Pelmore v. Pinestate Mortgage Corp.*, Case No. 09-CV-2313TWT, 2010 WL 520767 (N.D. Ga. Feb. 8, 2010) (emphasis added).  *See also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).

Plaintiff never effected service by personal delivery on NextGear or its registered agent, and NextGear's only notice of this matter was received by regular (not certified) mail.  (*See* Ex. B, ¶¶ 8–9; Ex. C, ¶ 10). Further, Plaintiff was twice put on notice that it had not properly served NextGear.  (*See* Doc. 1-1, pp. 8, 16). Despite this, Plaintiff has not made any effort to correct service or to show good cause for failing to do so.  Therefore, because more than 120 days have elapsed

since the Complaint was filed and Plaintiff has failed to effect proper service on NextGear pursuant to Fed. R. Civ. P. 4(h), all claims asserted in the Complaint are due to be dismissed.

B.     *Plaintiff's claims of defamation, slander* per se, *libel* per se, *and breach of contract are also due to be dismissed because Plaintiff has failed to plead its claims in compliance with Rules 8 and 9 of the Federal Rules of Civil Procedure.*

Each of Plaintiff's claims is due to be dismissed because no claim is adequately pleaded under Fed. R. Civ. P. 8.  To survive a motion to dismiss, a complaint must address all the elements that must be shown in order to support recovery and allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  As demonstrated below, the Complaint does not meet this standard regarding the claims of defamation, slander *per se*, libel *per se*, or breach of contract.  Moreover, Plaintiff's claims of defamation, slander *per se*, and libel *per se* (the "**Defamation Claims**") fail because special damages are not pleaded with particularity as required under Fed. R. Civ. P. 9(g).

i.     The Defamation Claims

"'To establish a *prima facie* case of defamation, the plaintiff must show (1) that the defendant was at least negligent, (2) in publishing (3) a false and defamatory statement to another (4) concerning the plaintiff, (5) which is either actionable without having to prove special harm (actionable *per se*) or actionable upon allegations and proof of special harm (actionable *per quod*).'" *Delta Health*

*Grp., Inc. v. Stafford*, 887 So. 2d 887, 895 (Ala. 2004) (quoting *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala.1988)).[3],[4]  "'[T]o constitute [defamation] actionable *per se*, there must be an imputation of an indictable offense involving infamy or moral turpitude.'"  *Ceravolo v. Brown*, 364 So. 2d 1155, 1157 (Ala. 1978) (quoting *Marion v. Davis*, 217 114 So. 357 (Ala. 1927)). In *Ceravolo*, the Alabama Supreme Court held that the plaintiff's claims, premised in part upon allegations that the defendant had "called Plaintiff a dead beat and a crook," were not actionable *per se*.  *Id*. at 1156.

Here the Defamation Claims are not actionable *per se*, as they are premised upon Plaintiff's allegation that NextGear informed "several financial institutions" that Plaintiff "was in or on the verge of bankruptcy and the business would default on its obligations to its clients and lenders."  (*See* Compl., p. 2 (un-numbered paragraph), ¶¶ 8, 10).  There is no allegation that NextGear imputed to any third party that Plaintiff was guilty of any indictable offense involving infamy or moral turpitude.  Plaintiff alleges that NextGear made statements that "embodied an accusation of crime," but there is no authority to support the proposition that it is a crime to seek protection under the Bankruptcy Code or to default on financial

---

[3]     The elements applicable to Plaintiff's "slander *per se*" and "libel *per se*" claims are the same as those set forth in *Stafford*.  *See Warren v. Birmingham Bd. of Educ.*, 739 So. 2d 1125, 1132 (Ala. Civ. App. 1999) ("The law of libel and slander is discussed generally under the tort of defamation.").

[4]     While, Defendant sets forth the elements of the alleged causes of action under Alabama law which Plaintiff pled against Defendant, those references here shall not be deemed a waiver of the provisions of Section 20 of the Note which provides Indiana law as being the governing law regarding the interpretation and enforcement of the arbitration provisions and the enforcement of the Note and other loan documents.  *See* Exhibit A, §20, p.10.

obligations.  Therefore, the Defamation Claims may only survive if Plaintiff has sufficiently plead special harm, an element of slander or libel *per quod*, with sufficient particularity under Rule 9(g).

"Special damages 'must be the loss of money, or of some other material temporal advantage capable of being assessed in monetary value.'" *McGowan*, 500 F. App'x at 886 (quoting *Zarach v. Atlanta Claims Ass'n*, 500 S.E. 2d 1, 5 (Ga. Ct. App. 1998)).  The Complaint is devoid of any allegation that Plaintiff suffered such damages.  In order to comply with Rule 9(g), Plaintiff would have had to specifically allege that it had suffered such damages.  Moreover, Plaintiff would have had to specifically allege "precisely in what way the special damage resulted from the [alleged] spoken or written words" forming the basis of its claims. *Fowler v. Curtis Publishing Co*., 182 F.2d 377, 379 (D.C. Cir. 1950).  Because the Complaint does not contain any such allegations, the Defamation Claims must be dismissed.

  ii. <u>Breach of Contract</u>

"The elements of a breach of contract claim under Alabama law are (1) the existence of a valid contract binding the parties in the action, (2) the plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4) damages."  *McClung v. Mortgage Elec. Registration Sys., Inc.*, Case No. 2:11-cv-03621-RDP, 2012 WL 1642209, at *5 (N.D. Ala. May 7, 2012) (citations omitted).

Here, the Complaint is devoid of any allegation that Plaintiff fully performed its obligations under the contract.  On this basis alone, the breach of contract claim fails to satisfy Fed. R. Civ. P. 8 and should be dismissed.  Moreover, Plaintiff does not allege facts pertaining to NextGear's nonperformance of any contract.  Although Plaintiff alleges the existence of a contract between the parties, it does not attach a copy of the contract to its Complaint, nor does it identify any contractual provision or term that bears upon or prohibits the conduct which Plaintiff contends to be at issue.  (*See* Compl., ¶¶ 19–22).  The only allegations supporting the claim are that the parties "entered into a legally enforceable contract" and that NextGear "did willfully breach said contract."  (Compl., ¶¶ 20–21).  Under *Iqbal* and *Twombly*, such conclusory allegations must be disregarded.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Because Plaintiff's breach of contract claim is not adequately pleaded, it must be dismissed.

C.   *Plaintiff's tort claims are also due to be dismissed because Alabama law does not recognize tort claims premised on an alleged failure to perform a contractual duty.*

In the Complaint, Plaintiff asserts claims of defamation, slander *per se*, libel *per se*, negligence, and wantonness (the "**Tort Claims**").  As demonstrated above, because Plaintiff alleges that the Defamation Claims arose under a contractual agreement (*see* Compl., ¶ 13) and the negligence and wantonness claims are premised upon NextGear's alleged removal of automobiles from Plaintiff's lot, the

actionability of which is governed by the Note, each of the Tort Claims is premised upon NextGear's alleged breach of a contractual duty.  There is no allegation in the Complaint that NextGear owed any duty independent of a contract.

"Alabama law does not recognize a tort-like cause of action for the breach of a duty created by contract.  [Rather], a negligent failure to perform a contract . . . is but a breach of contract."  *Fassina v. CitiMortgage, Inc.*, Case No. 2:11-CV-2901-RDP, 2012 WL 2577608, at *6 (July 2, 2012) (citations omitted).  *See also McClung*, 2012 WL 1642209, at *7; *Barber v. Bus. Prods. Ctr., Inc.*, 677 So. 2d 223, 228 (Ala. 1996), *overruled on other grounds by White Sands Grp., LLC v. PRS II, LLC*, 32 So. 3d 5 (Ala. 2009) ("[A] mere failure to perform a contractual obligation is not a tort.").

Because Plaintiff alleges no facts supporting the existence of a duty independent of the contractual relationship between the parties, its Tort Claims must fail.

D.    *Alternatively, pursuant to the Note, this Court should transfer this lawsuit from this Court to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1404.*

As demonstrated in Section I.B. of this memorandum, the Note contains a mandatory choice-of-forum clause that requires any action arising under the Note to be filed in Indiana.  (*See* Ex. A, § 21).  As also demonstrated in Section I.B., each of Plaintiff's claims arises under the Note.  Therefore, the forum-selection

clause should be enforced and this case should be transferred to the Southern District of Indiana.

In December 2013, the United States Supreme Court decided the proper mechanism to enforce forum selection clauses. In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas,* the Supreme Court held that a forum selection clause should be enforced through a motion to transfer pursuant to 28 U.S.C. §1404, and that a "*valid forum selection clause [should be] given controlling weight in all but the most exceptional cases," Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas,* 134 S. Ct. 568, 581 (December 3, 2013)(citing Stewart, 487 U.S. at 31). "Exceptional cases" are unrelated to the convenience of the parties. *Id* Moreover, the party defying the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained for is unwarranted." *Id.* As the Supreme Court stated:

> When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Id.* at 582.

Furthermore, a forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the opposition to be 'unreasonable' under

the circumstances. *M/S Bremen v. Zapata Off–Shore Co*., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Int'l Software Sys., Inc. v. Amplicon, Inc*., 77 F.3d 112, 114 (5th Cir. 1996). Federal law determines the enforceability of a forum selection clause. *Ginter v. Belcher. Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). "Where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum selection clause *should be upheld* unless the party opposing its enforcement can show that the clause is unreasonable." *Id*. (emphasis added) A clause is unreasonable for "such reasons as fraud or overreaching." *Int'l Software Sys., Inc. v. Amplicon, Inc*., 77 F.3d 112, 114 (5th Cir. 1996). However, the Fifth Circuit stated:

> Fraud and overreaching must be ***specific*** to a forum selection clause in order to invalidate it. That is, The *Bremen*'s exception for unreasonable fraud or overreaching does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud ... the clause is unenforceable. ***Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion***.

*Haynsworth v. The Corp*., 121 F.3d 956, 963 (5th Cir. 1997)(citing *Scherk v. Alberto-Culver Co*., 417 U.S. 506, 519 n. 14)(emphasis added).

The Eleventh Circuit Court of Appeals has repeatedly held that "'[f]orum selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under

the circumstances.'" *Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)).  A forum-selection clause will be found "unreasonable under the circumstances" and thus unenforceable only when:

> (1) [its] formation was induced by fraud or overreaching;
>
> (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum;
>
> (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or
>
> (4) enforcement of such provisions would contravene a strong public policy.

*Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998).

Plaintiff has made no showing that the forum-selection clause is unenforceable under any of these categories.

Also when addressing a forum selection clause, the Court must determine whether the clause is mandatory or permissive, such as when parties have agreed to one forum without necessarily excluding others. See *City of New Orleans v. Mun. Admin. Serv., Inc*. 376 F.3d 501, 504 (5th Cir. 2004). "Mandatory forum-selection clauses that require all litigation to be conducted in a specific forum are enforceable if the language is clear." *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 220 (5th Cir. 2009); see also *City of New Orleans*, 376 F.3d at   504 ("For a forum selection clause to be exclusive, it must go beyond

establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). As set forth more fully below, the forum selection clause in the Note is mandatory and was not procured by fraud, such that this Court should transfer the suit accordingly.

   *1. The Note's forum selection clause is mandatory, providing for transfer.*

The forum selection clause in the Note provides:

> 21. JURISDICTION AND VENUE: As evidenced by Borrower's signature below, Borrower submits to the personal jurisdiction and venue of the state or federal courts of Marion and Hamilton County Indiana ***and agrees that any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note or any other Loan Document, initiated by Borrower against Lender shall be brought in the state or federal courts of Marion or Hamilton County, Indiana***. ***Further, Borrower expressly consents to the jurisdiction and venue of the state or federal courts in Marion and Hamilton County, Indiana as to any legal or equitable action that may be  brought in such court by Lender and waives any objection based upon lack of personal jurisdiction, improper venue, or forum non convenien with respect to any such action***. Borrower acknowledges and agrees that Lender reserves the right to initiate and prosecute any action against Borrower in any court of competent jurisdiction, and Borrower consents to such forum as Lender may elect.

Ex. 1 (emphasis added). First, Plaintiff bears the burden of establishing that transfer is unwarranted; this analysis does not include consideration of the parties' private interests. *Atlantic Marine Constr. Co*., 134 S.C. at 582 ("A court accordingly must deem the private-interest factors to weigh entirely in favor of the

preselected forum."). Because Plaintiff cannot satisfy this burden, the case should be transferred accordingly.

Further, in examining forum selection clauses, courts examine the language of the clause and determine whether the forum selection clause evidences the parties' intent to limit the venue to a particular forum, or whether an ambiguity exists. *City of New Orleans v. Municipal Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir.2004). Where venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced. *Dorsey v. N. Life Ins. Co.*, 2004 WL 2496214 (E.D. La. Nov. 5, 2004).

In this case, the word "shall" makes this forum selection clause mandatory. "shall" demonstrates clear intent to limit all claims to state or federal courts of Marion and Hamilton County, Indiana. The Fifth Circuit has consistently found that a specified venue in conjunction with obligatory language (such as the term "shall") in a forum selection clause mandates venue wherever specified. *See, e.g.*, *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14–15 (5th Cir.1995) (finding mandatory a forum selection clause stating: "The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas"); *In re Fireman's Fund Ins. Co.*, 588 F.2d 93, 93–94 (5th Cir.1979) (finding clause stating that "any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action shall be laid in the County of Essex

and State of New Jersey" is enforceable); *Ginter*, 536 F.3d at 440 (finding the forum clause "[any] action at law…shall be instituted only in the 19th Judicial District Court of the State of Louisiana," enforceable); *Collin County, Tex. v. Siemens Bus. Serv., Inc*., 2007 WL 2908926, at *4 (5th Cir.2007) ("Here, it is undisputed that the venue clause at issue [, which states venue 'shall lie exclusively in Collin County, Texas,'] is mandatory"); *In re Dorsey,* 2004 WL 2496214, at *4("[T]he forum selection clause provides that 'venue shall be laid in King County, Washington.' The Court finds that the forum selection clause is unambiguous with respect to exclusivity and it is, therefore, mandatory.").

Because the forum provision specifies a venue and uses obligatory language (Borrower submits to…venue of the state or federal courts of Marion and Hamilton County Indiana and agrees that any and all claims or disputes pertaining to this Note… initiated by Borrower against Lender **shall** be brought in **the state or federal courts of Marion or Hamilton County, Indiana**" (emphasis added)), this Court should follow Supreme Court precedent and transfer this matter.

Therefore, if all of Plaintiff's claims are not dismissed for the reasons stated above, NextGear hereby requests that the remaining claims, if any,  be transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

Plaintiff's claims should be dismissed for the reasons set forth hereinabove.

Solely, in the event that this Court determines that any of Plaintiff's claims are survivable in light of dismissal, such claims should be transferred in accordance with 28 U.S.C. §1404(a).

Respectfully submitted on this 21st day of April 2014.

*/s/ Russell J. Rutherford* _____

Giles G. Perkins (PER043)
Russell J. Rutherford (RUT018)
Attorneys for NextGear Capital, Inc.

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North
Suite 3000
Birmingham, Alabama  35203
Telephone:  (205) 250-5000
Facsimile:  (205) 250-5034

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2014, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following:

Charles I. Brooks, Esq.
The Brooks Law Firm, P.C.
275 Forest Road
Suite 100
Hueytown, AL 35023
thebrooksfirm2@yahoo.com

*/s/ Russell J. Rutherford* _____

OF COUNSEL
