UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ATLANTA-BIRMINGHAM )
AUTOMOTIVE GROUP, LLC, )
 )
      Plaintiff, )
 )
  vs. ) CASE NO: 1:14-cv-00765-SEB-MJD
 )
NEXTGEAR CAPITAL, INC, )
 )
      Defendant )
_____ )

**AMENDED CASE MANAGEMENT PLAN**

    **I.**    **Parties and Representatives**

        A.    Plaintiff:    ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP, LLC.

        Plaintiff's Counsel:    **Ryan S. McCrosson**
MCCROSSON & ASSOCIATES
6249 U.S. Highway 31 South
Suite A
Indianapolis, IN 46227
317-791-7800
Fax: 317-781-4825
Email: rmccrosson@mccrossonlaw.com
*LEAD ATTORNEY*

**Dennis Francis McCrosson , III**
MCCROSSON & ASSOCIATES
6249 U.S. Highway 31 South
Suite A
Indianapolis, IN 46227
(317) 791-7800
Fax: (317) 781-4825
Email: dmccross@mccrossonlaw.com
*ATTORNEY TO BE NOTICED*

|  |  |  |
|---|---|---|
|  |  | **Charles I. Brooks**<br>THE BROOKS LAW FIRM PC<br>2 North 20th Street<br>Suite 1100<br>Birmingham, AL 35203<br>205-320-0005<br>Fax: 205-443-6677<br>*(to be withdrawn)* |
| B. | Defendant:<br>Defendant's Counsel: | NEXTGEAR CAPITAL, INC.<br>**Jeffrey A. Hokanson**<br>FROST BROWN TODD LLC<br>201 North Illinois Street<br>Suite 1900<br>P.O. Box 44961<br>Indianapolis, IN 46244-0961<br>(317) 237-3962<br>Fax: (317) 237-3900<br>Email: jhokanson@fbtlaw.com<br>*ATTORNEY TO BE NOTICED* |
|  |  | **Blake N. Shelby**<br>FROST BROWN TODD LLC<br>201 North Illinois Street<br>Suite 1900<br>P.O. Box 44961<br>Indianapolis, IN 46244-0961<br>(317) 237-3823<br>Fax: (317) 237-3900<br>Email: bshelby@fbtlaw.com<br>*ATTORNEY TO BE NOTICED* |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. <u>Jurisdiction and Statement of Claims</u>

A. <u>Jurisdiction</u>: This case was originated in the Circuit Court of Jefferson County, Alabama. Thereafter, it was removed to the United States District Court for the Northern District of Alabama, Southern Division [Doc. No. 1]. Pursuant to 28 U.S.C. § 1404(a) transfer to the United States District Court for the Southern District of Indiana-Indianapolis Division was ultimately effectuated. Both parties agree that that 28 U.S.C. § 1404(a) confers jurisdiction on this court pursuant to a forum clause.

    B.    <u>Statement of Case</u>

        a. *Plaintiff*: Plaintiff asserts claim against NextGear for defamation, libel *per se*, slander *per se*, negligence, wantonness, and breach of contract. The causes of action arise under Alabama law. On February 11, 2013, NextGear and Plaintiff entered into an agreement entitled Demand Promissory Note and Loan and Security Agreement (the "Note") for the financing of certain motor vehicles. On or about June of 2013, an agent and/or employee of Defendant falsely informed several financial and/or other institutions that Plaintiff was insolvent and/or in or about to declare bankruptcy. These statements were untrue, reckless, wanton and/or intentionally false and have caused Plaintiff significant actual damages.

        b. *Defendant*: Defendant disputes the allegations in the complaint and asserts that all actions taken and all communications extended were true, justified, and made within the context of the parties' agreements and course of dealing. Defendant further asserts that the Plaintiff, Atlanta-Birmingham Automotive Group, LLC, by and through the actions of Plaintiff's principal, Roosevelt Coar, Jr., and/or others under the supervision and control of Mr. Coar, repeatedly deceived Defendant respecting title to, payment for, and/or the existence or location of vehicles which constituted Defendant's collateral. Defendant further asserts that the choice of law provisions of the parties' agreements compel application of Indiana law to all issues presented in this cause. Finally, on March 21, 2014, Defendant filed a complaint against the Plaintiff and Mr. Coar in the Hamilton County Superior Court, thus commencing the case captioned <u>NextGear Capital, Inc. v. Atlanta-Birmingham Automotive Group, LLC, et al</u>., Cause No. 29D01-1403-CC-2626, pursuant to which Defendant seeks damages from Plaintiff and Mr. Coar for breach of contract, breach of guaranty, and conversion.

    C.    Plaintiff disputes Defendant's assertion that Plaintiff, or Plaintiff's principal, Roosevelt Coar, Jr., and/or others under the supervision and control of Mr. Coar, deceived, in any way, Defendant, respecting title to, payment for, and/or the existence or location of any vehicles serving as collateral. Plaintiff at all times acted in accordance with the contract/s underlying this matter.

    D.    On or before March 23, 2015, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III.    <u>Pretrial Pleadings and Disclosures</u>

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 11, 2014**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **September 18, 2014**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **September 25, 2014**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 13, 2014**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **October 13, 2014**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 12, 2015**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 13, 2015**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **September 21, 2015**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **July 13, 2015**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

4

  K. <u>Discovery of electronically stored information ("ESI")</u>. Neither Party anticipated the production of a substantial volume of ESI. However, the disclosure or discovery of electronically stored information should be handled as follows:

    1. The parties agree that they will abide by Federal Rules of Civil Procedure 26, 33, 34, 37 and 45 and that either party can reasonably request ESI from the other. The parties further agree that production of ESI will be in either paper format or as .TIFF images in a Summation load file, unless a party requests certain documents in another specific format. The producing party may object to any request, and the parties agree that they will meet and confer to attempt to resolve any dispute.

    2. Cost and Burden of Producing Electronic Discovery. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

    3. The parties have agreed that disclosures and searches of metadata, embedded data, disaster recovery processes, back-up processes, auto-delete and archiving processes, and other electronically stored processes is not necessary for this case. However, this waiver does not affect disclosure of current, relevant computer documents, including electronic messages, which are not privileged.

**IV.** **<u>Discovery[1] and Dispositive Motions</u>**

 Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment),

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.
   a. *Plaintiff:* At this time, Plaintiff must complete more discovery in order to determine whether summary judgment is appropriate. Accordingly, at this time, Plaintiff's answer the summary judgment query is no.
   b. *Defendant:* Yes, Defendant believes that some or all of the complaint is subject to disposition by motion. Specifically, Defendant is of the initial belief that one or more elements of the causes pled by Plaintiff do not exist, were not pled or cannot be proved.

B. Select the track that best suits this case:

   \_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

   \_\_X\_\_ Track 2: Dispositive motions are expected and shall be filed by **April 13, 2015,** non-expert witness discovery and discovery relating to liability issues shall be completed by **March 13, 2015**; expert witness discovery and discovery relating to damages shall be completed by **September 11, 2015**. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

   \_\_\_\_\_ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The

Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.      Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in September 2015.**

**VI.     Trial Date**

The presumptive trial date is 20 months from the Anchor Date.  The parties request a trial date in **January, 2016**.  The trial is by Jury and is anticipated to take **1 Day**.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.    Referral to Magistrate Judge**

A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

      B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

      A.      **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

           1.      File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

           2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

           3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

           4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

                a.      brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

                b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

           5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and

       areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

### IX. Other Matters

**N/A.**

McCROSSON & ASSOCIATES

*/s/ Ryan S. McCrosson*
Dennis F. McCrosson, III
Ryan S. McCrosson
6249 U.S. Highway 31 South, Suite A
Indianapolis, IN 46227
*Attorneys for Atlanta-Birmingham*
*Automotive Group LLC*


FROST BROWN TODD LLC

*/s/ Blake N. Shelby*
Blake N. Shelby
201 North Illinois Street, Suite 1900
Indianapolis, IN 46204
*Attorneys for NextGear Capital, Inc.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

11

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____    _____
Date                                U. S. District Court
                                    Southern District of Indiana

0115643.0617124   4848-0329-4238v1