UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP LLC, | ) | CASE NO. 1:14-CV-00765-SEB-MJD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION FOR PARTIAL RELIEF FROM MINUTE ENTRY FOR DECEMBER 29, 2014 STATUS CONFERENCE

**(With Plaintiffs' Consent)**

Defendant, by counsel, for its Motion for Partial Relief from Minute Entry for December 29, 2014 Status Conference, states:

1. The Court, by the Hon. Mark J. Dinsmore, Magistrate Judge, conducted a telephonic status conference on December 29, 2014, and afterward issued a Minute Entry which scheduled a telephonic conference for January 21, 2015, at 8:40 a.m. to discuss the status of settlement negotiations (the "Settlement Conference"), and which provides in relevant part "[t]he President or Chief Executive Officer of the Defendant and the managing member of the Plaintiff are ordered to participate."

2. Defendant hereby requests relief from the Minute Entry in the form of an order excusing the President and Chief Executive Officer of the Defendant from participation in the Settlement Conference in favor of the participation of Mr. John Goodyear, Director of Risk for the Defendant, whose duties include the management of risks threatened or presented by the Defendant's lending operations, and who is not only charged with overseeing the very sorts of

issues presented in this case but has ultimate authority to litigate or settle all such matters within the Defendant's portfolio of loans, including that presented by this case; and

Grounds for Relief

3. The issues in this case arise from loans made by the Defendant to Plaintiff, and the guarantee of Plaintiff's obligations to the Defendant by the Plaintiff's principal, Mr. Roosevelt Coar, Jr.

4. Loans made by the Defendant to automobile dealerships like the Plaintiff are but one of many aspects of the Defendant's business.

5. Specifically, the Defendant is an industry leader in the business of "inventory finance." The Defendant provides an array of lending products for inventories bought, maintained, and sold by vehicle dealers and auction houses. As with many organizations, the Defendant's gains in effectiveness come from innovative solutions for customer service, tools and technology.

6. The Defendant's President is Brian Geitner, an executive whose experience includes stints at GMAC and Automotive Finance Corporation before co-founding Dealer Services Corporation which, by merger and growth, has become the Defendant, NextGear Capital, Inc. As President of the Defendant, Mr. Geitner directs company synergies and facilitates implementation of the organization's business model.

7. Mr. Geitner, in turn, relies upon many talented individuals leading specialized areas or divisions of the Defendant, including Mr. Goodyear, in running the day-to-day aspects of the Defendant's business, leaving Mr. Geitner, like other Presidents of large, multi-national organizations, to focus on the strategic challenges and opportunities facing his company.

8. The Affidavit of Bob Earle, Vice President of Risk for the Defendant, is attached hereto as <u>Exhibit A</u>, and provides both evidence that neither he nor other members of the Defendant's senior management team are well suited to become educated about and make decisions respecting the issues raised in this case or likely to be discussed at the Settlement Conference, and provides to the Court his assurances that Mr. Goodyear is fully qualified and has absolute discretion to bind the Defendant and make decisions respecting the issues raised in this case, both during the Settlement Conference and thereafter.

Request for Relief

9. Based on the foregoing, the Defendant requests relief from the Minute Entry in the form of an order excusing Brian Geitner, the President of the Defendant, from participating in the Settlement Conference, and instead, allowing Mr. Goodyear to participate in the Settlement Conference as the business representative of the Defendant.

Statement Respecting Plaintiffs' Consent

10. The undersigned counsel for the Defendant has, on January 20, 2015, discussed this Motion with counsel to the Plaintiffs, Mr. Ryan McCrosson, by telephone, and Mr. McCrosson indicated that the Plaintiffs had no objection to the relief sought herein.

Status of Settlement Communications Generally

11. Subsequent to the December 29, 2014 Status Conference, the Plaintiffs have communicated to Defendants in the form of a detailed correspondence and offer dated January 13, 2015. Defendants have tendered a responsive correspondence and counter-demand today, January 20, 2015, and the undersigned counsel for the Defendant is optimistic that the obstacles to settlement of the claims between the parties are relatively few.

WHEREFORE, the Defendant, NextGear Capital, Inc., respectfully requests (a) relief from the Minute Entry for December 29, 2014 Status Conference in the form of an order excusing the President or Chief Executive Officer of the Defendant from participation in the telephonic settlement conference scheduled for January 21, 2015, in favor of the participation of Defendant's Director of Risk as the Defendant's business representative, (b) for entry of an Order Amending Minute Entry in form substantially similar to that attached hereto as <u>Exhibit B</u>, and (c) for all other relief just and proper in the premises.

                                    FROST BROWN TODD LLC

                                    By: */s/ Jeffrey A. Hokanson*
                                            Jeffrey A. Hokanson, #14579-49

                                            Attorneys for Defendant,
                                            NextGear Capital, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of January, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dennis F. McCrosson, III
Ryan S. McCrosson
McCrosson & Associates, P.C.
dmccross@mccrossonlaw.com
rmccrosson@mccrossonlaw.com

                */s/ Jeffrey A. Hokanson*
                Jeffrey A. Hokanson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone:  317-237-3800
Fax: 317-237-3900
jhokanson@fbtlaw.com