UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP LLC, | ) ) ) | CASE NO.  1:14-CV-00765-SEB-MJD |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NEXTGEAR CAPITAL, INC., | ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO CONTINUE TELEPHONIC STATUS CONFERENCE
AND SETTLEMENT CONFERENCE AND FOR RELATED RELIEF**

Defendant, by counsel, for its Motion for Continue Telephonic Status Conference and Settlement Conference, and for Related Relief, states:

1.      By the Court's Minute Entry dated February 12, 2015 (Doc 70), a telephonic status conference was scheduled for February 25, 2015 at 10:50 a.m.

2.      By the Court's Minute Entry dated July 21, 2014 (Doc 24), a settlement conference was scheduled for March 4, 2015 at 9:00 a.m.

3.      On February 20, 2015, the Plaintiff's owner/principal, Mr. Roosevelt Coar, Jr., filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Alabama at Birmingham (the "Bankruptcy Court"), thereby commencing the case captioned In re Roosevelt Coar, Jr., Case No.: 15-00645-TOM7 (the "Coar Bankruptcy").  A copy of Mr. Coar's bankruptcy petition and the docket for the Coar Bankruptcy Case are collectively attached hereto as Exhibit A.

4.      Mr. Coar's member shares of the Plaintiff are assets of his bankruptcy estate (11 U.S.C. §541); as a result, Mr. Coar's chapter 7 bankruptcy trustee currently possesses and

controls the member shares of the Plaintiff and, absent a bankruptcy filing by the Plaintiff, could cause the Plaintiff to prosecute or dismiss this case.

5.     Although there has been talk about the Plaintiff also filing a chapter 7 bankruptcy petition, as of today we only believe that such a filing will occur on or before Friday of this week (February 27th)(See: Email from Plaintiff's counsel to the Defendant's counsel dated February 23, 2015, and attached hereto as Exhibit B with the Plaintiff's permission).  As discussed during the status conference held on February 11, 2015, a chapter 7 bankruptcy filing by the Plaintiff will result in the appointment of a chapter 7 trustee who will be the real party in interest with respect to the Plaintiff's claims in this case.

Requests for Relief

6.     The Defendant hereby moves the Court to continue the Settlement Conference now scheduled for March 4, 2015, to a date on or after the week of April 13, 2015[1], to allow the chapter 7 trustee in the Coar Bankruptcy Case and the trustee in the Plaintiff's bankruptcy case – if such a case is filed – to determine whether the Plaintiff's claims in this case will be prosecuted.

7.     The Defendant further moves the Court to extend all litigation deadlines tied to the date of the Settlement Conference (namely the date for submission of confidential settlement statements and for tendering and responding to settlement demands), and to continue the telephonic status conference scheduled for February 25, 2015.

Basis for Requests for Relief

---

[1] A continuance until mid-April, 2015, is reasonable given that the Bankruptcy Court scheduled Mr. Coar's so-called "creditor's meeting" (the meeting held pursuant to 11 U.S.C. §341) for March 30, 2015, approximately five (5) weeks after he filed bankruptcy.  If the Plaintiff files bankruptcy by February 27th, its creditor's meeting is likely to be scheduled no sooner that the first week of April, 2015.  It is reasonable to believe that no chapter 7 bankruptcy trustee would make a determination respecting disposition of Plaintiff's claims in this case without having first conducted the creditor's meeting and questioning Mr. Coar (whether as debtor or as corporate representative of the Plaintiff) about the claims.

8.      Given that a bankruptcy filing by the Plaintiff reasonably appears to be imminent, or at the least, that the Chapter 7 Trustee in the Coar Bankruptcy now controls the Plaintiff and thus the disposition of its claims against the Defendant, the Court cannot conduct a meaningful and productive settlement conference until such bankruptcy trustee (or trustees if the Plaintiff files) has time to determine he/she wishes to proceed with the Plaintiff's claims.  For its part, the Defendant wishes to avoid the expense and time required to prepare for a settlement conference that is premature at best and may never occur.

9.      The undersigned counsel to the Defendant has discussed this motion with counsel for the Plaintiff, Mr. Ryan McCrossen, on February 23, 2015, and counsel for the Plaintiff consents to the relief requested herein.

WHEREFORE, the Defendant, NextGear Capital, Inc., respectfully requests (a) the continuance of the settlement conference now scheduled for March 4, 2015, to a date on or after the week of April 13, 2015, (b) the extension of litigation deadlines tied to the date of the settlement conference, (c) the continuance of the telephonic status conference scheduled for February 25, 2015, and (d) for all other relief just and proper in the premises.

FROST BROWN TODD LLC


By: */s/ Jeffrey A. Hokanson*
        Jeffrey A. Hokanson, #14579-49

        Attorneys for Defendant,
        NextGear Capital, Inc.

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of February, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dennis F. McCrosson, III
Ryan S. McCrosson
McCrosson & Associates, P.C.
dmccross@mccrossonlaw.com
rmccrosson@mccrossonlaw.com

*/s/ Jeffrey A. Hokanson*
Jeffrey A. Hokanson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone:  317-237-3800
Fax: 317-237-3900
jhokanson@fbtlaw.com